UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | **FILED** | CASE NO.: |
| H. T. RESTAURANTS, INC.<br>Tax ID #56-1665398, | MAR 0 7 2000 | 97-01898-8-JRL |
| M.R.G.R.E., INC.,<br>Tax ID #13-3900508 | PEGGY B. DEANS, CLERK<br>U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF NC | 98-00506-8-JRL |
| M.R.G.E.Q., INC., | | 98-00508-8-JRL |
| MULTI RESTAURANT GROUP, LTD.<br>Tax ID #13-3890315 | | 98-00507-8-JRL |
| Debtors | | (Chapter 7) |

Joseph N. Callaway, Trustee in Bankruptcy )
for H. T. Restaurants, Inc., M.R.G.R.E., Inc.,)
M.R.G.E.Q., Inc., and Multi Restaurant    )
Group, Ltd.,                                )
                                            )
                Plaintiff,                  )
                                            )
         vs.                                )   ADVERSARY PROCEEDING NO.:
                                            )   L-00-00169-8-AP
Restaurant Combinations, Inc.,              )
Restaurant Genesis Corporation,             )
AQMI Corporation, Victor Robert,            )
Phillip Allen, Frank Amodeo, and,           )
Jerry E. Beavers,                           )
                                            )
                Defendants.                 )

COMPLAINT TO RECOVER MONEY AND PROPERTY,
FOR TURNOVER, TO RECOVER FRAUDULENT
TRANSFERS AND/OR PREFERENCES, AND TO PIERCE THE CORPORATE VEIL
(11 U.S.C. §§ 541, 542, 544, 547, 548, 550, 551 and N.C.G.S. § 39-15)

The plaintiff, complaining of the defendants, alleges and states as follows:

1. An involuntary petition was filed against the debtor H.T. Restaurants, Inc. (hereinafter "H.T.") on April 3, 1997. An order for relief under Chapter 11 of the Bankruptcy Code was entered as to H.T. on January 22, 1998 in the United States Bankruptcy Court for the Eastern District of North Carolina.

2. On January 27, 1998, M.R.G.R.E., Inc., M.R.G.E.Q., Inc. and Multi Restaurant Group, Ltd. ("MRG") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina.

3. On February 18, 1998, the Court entered an order substantively consolidating the cases of the above referenced debtors for all purposes and designated H.T. Restaurants, Inc. to be the lead case. All four corporations are referred to herein collectively as the "debtors."

4. On March 10, 1999 the United States Bankruptcy Court for the Eastern District of North Carolina entered an Order converting the cases of the debtors herein to cases under Chapter 7.

5. The plaintiff, by order entered herein, is the duly appointed trustee who is presently qualified and acting in said bankruptcy cases.

6. The United States Bankruptcy Court for the Eastern District of North Carolina has jurisdiction of the subject matter of this proceeding and parties hereto pursuant to 28 U.S.C. §§ 1334 and 157.

7. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b) in which this Court may enter a final order.

8. Venue is proper under the provisions of 28 U.S.C. § 1409 as this proceeding arises in and/or is related to a case under Title 11 of the United States Code currently pending in the United States Bankruptcy Court for the Eastern District of North Carolina.

9. The defendant Victor Robert is, upon information and belief, a citizen and resident of the State of Florida and was, upon information and belief, at all relevant times an insider and affiliate of all of the other defendants.

10. The defendant Phillip Allen is, upon information and belief, a citizen and resident of the State of Florida and was, upon information and belief, at all relevant times an insider and affiliate of all of the other defendants.

11. The defendant Frank Amodeo is, upon information and belief, a citizen and resident of the State of Florida and was, upon information and belief, at all relevant times an insider and affiliate of all of the other defendants.

12. The defendant Jerry E. Beavers is, upon information and belief, a citizen and resident of the State of Florida and was, upon information and belief, at all relevant times an insider and affiliate of all of the other defendants.

13. The defendant Restaurant Combinations, Inc. is or was, upon information and belief, a purported corporation or other business entity with a place of business in the state of Florida and was, upon information and belief, an insider and affiliate of all of the other defendants.

14. The defendant Restaurant Genesis Corporation is or was, upon information and belief, a purported corporation or other business entity with a place of business in the state of Florida and was, upon information and belief, an insider and affiliate of all of the other defendants.

15. The defendant AQMI Corporation is or was, upon information and belief, a purported corporation or other business entity with a place of business in the state of Florida and was, upon information and belief, an insider and affiliate of all of the other defendants.

16. Upon information and belief, on March 24, 1997 and thereafter at all relevant times hereto and at the times of the transfers alleged herein Victor Robert was a shareholder, officer, director, and/or agent of Restaurant Combinations, Inc., Restaurant Genesis Corporation, and AQMI Corporation.

17. Upon information and belief, on March 24, 1997 and thereafter at all relevant times hereto and at the times of the transfers alleged herein Phillip Allen was a shareholder, officer, director, and/or agent of Restaurant Combinations, Inc., Restaurant Genesis Corporation and, AQMI Corporation.

18. Upon information and belief, on March 24, 1997 and thereafter at all relevant times hereto and at the times of the transfers alleged herein Frank Amodeo was a shareholder, officer, director, and/or agent of Restaurant Combinations, Inc., Restaurant Genesis Corporation and, AQMI Corporation.

19. Upon information and belief, on March 24, 1997 and thereafter at all relevant times hereto and at the times of the transfers alleged herein Jerry E. Beavers was a shareholder, officer, director, and/or agent of Restaurant Combinations, Inc., Restaurant Genesis Corporation and AQMI Corporation.

20. At all relevant times herein, H.T. was a North Carolina corporation with a place of business in New Hanover County, North Carolina.

21. At all relevant times herein, M.R.G.R.E., Inc., M.R.G.E.Q., Inc. and Multi-Restaurant Group, Ltd. were North Carolina or foreign corporations with a place of business in New Hanover County, North Carolina.

22. On or around March 26, 1997, the amount of approximately $113,837.92, which was property of H.T., was transferred by wire by H.T. to Restaurant Combinations, Inc., Restaurant Genesis Corporation, and/or AQMI Corporation (the "Transfer").

23. The Transfer was a transfer within the meaning of 11 U.S.C. §§ 547 and 548 and N.C.G.S. § 39-15.

24. Upon information and belief, the Transfer was made for the benefit of Restaurant Combinations, Inc., Restaurant Genesis Corporation, AQMI Corporation, Victor Robert, Phillip Allen, Frank Amodeo, and/or Jerry E. Beavers, and all of such entities received the benefit of the Transfer.

25. Upon information and belief, to the extent that Restaurant Combinations, Inc., Restaurant Genesis Corporation, AQMI Corporation, Victor Robert, Phillip Allen, Frank Amodeo, and/or Jerry E. Beavers were not the initial transferee of the Transfer, they were immediate and/or mediate transferees of such initial transfer.

## FIRST CAUSE OF ACTION
Fraudulent Transfer (11 U.S.C. §§ 544 and 548, and N.C.G.S. § 39-15)

26. The allegations of paragraphs 1 through 25 are replead as if fully set forth herein.

27. Upon information and belief, the Transfer was made with the actual intent to hinder, delay, or defraud creditors to which H.T. and the debtors were or became indebted.

28. Upon information and belief, H.T. and the debtors received less than a reasonably equivalent value in exchange for the Transfer.

29. Upon information and belief, H.T. and the debtors were insolvent on the date that the Transfer was made or became insolvent as the result of the Transfer.

30. Upon information and belief, at the time of the Transfer the debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with H.T. and the debtors was an unreasonably small capital.

31. Upon information and belief, at the time of the Transfer H.T. and the debtors intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

32. At the time of the Transfer, H.T. and the debtors were indebted to unsecured creditors which were unsecured creditors on the dates of the filing of the debtors' bankruptcy petitions and the entry of the Orders for Relief and whose claims have not yet been satisfied.

33. Pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and N.C.G.S. § 39-15, the trustee is entitled to avoid the Transfer and recover for the benefit of the estate from each defendant the value of the Transfer and the benefit received by each defendant as a result of the Transfer either as the initial transferee or as the immediate or mediate transferee of any such initial Transfer.

## SECOND CAUSE OF ACTION
Preference (11 U.S.C. § 547)

34. The allegations of paragraphs 1 through 33 above are replead as if fully set forth herein.

35. Upon information and belief, to the extent that the Transfer was not a fraudulent transfer recoverable from any defendant, the Transfer was made to, and for the benefit of, each such defendant on account of an antecedent debt owed by H.T. and the debtors to such defendant as a creditor thereof.

36. The Transfer was made while H.T. and the debtors were insolvent.

37. The Transfer enabled the defendants to receive more than they would have received if the Transfer had not been made and they received payment of their debt to the extent provided by the provisions of the Bankruptcy Code.

38. Pleading in the alternative, to the extent that some or all of the Transfer was not a fraudulent transfer, the trustee is entitled to avoid the Transfer and recover for the benefit of the estate and from each of the defendants the value of the Transfer and the benefit received by each defendant as a result of the Transfer pursuant to 11 U.S.C. §§ 547, 550, and 551.

### THIRD CAUSE OF ACTION
### Turnover (11 U.S.C. §§ 541, 542)

39. The allegations of paragraph 1 through 38 above are replead as if fully set forth herein.

40. The property transferred as alleged above constituted property of H.T., and/or the debtors, which is now in the possession, custody and/or control of the defendants and also constitutes property of the estate within the meaning of 11 U.S.C. § 541 that the trustee may use.

41. As the result of the Transfer and any immediate or mediate transfers by the initial transferee to the defendants thereafter, a debt of the defendants to H.T. and the debtors arose which has matured and is payable.

42. Pursuant to 11 U.S.C. § 542, the defendants are required to turn over to the trustee the property transferred to them and are required to pay to H.T. and the debtors their debts that arose as the result of the Transfer and the trustee is entitled to an Order directing them to do the same and a judgment in his favor and against the defendants in the amount of the Transfer.

## FOURTH CAUSE OF ACTION
(To Pierce the Corporate Veil)

43. The allegations of paragraph 1 through 42 above are replead as if fully set forth herein.

44. Upon information and belief, at all times relevant hereto, as to Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation, each was owned by the individual defendants and the other respective corporate defendants.

45. Upon information and belief, at all times relevant hereto the finances, policies and business practices of Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation were subject to the complete domination and control of the individual defendants and the other respective corporate defendants such that Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation had at no time a separate mind, will, existence, or identity of their own.

46. Upon information and belief, at all times relevant hereto the individual defendants and the other respective corporate defendants were the alter egos of Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation.

47. Upon information and belief, at all times relevant hereto Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation were inadequately capitalized in light of the business in which they were engaged, the number and amount of their creditors and debts, and the risks associated with each business such that the operation of their businesses was intrinsically dangerous to their creditors.

48. Upon information and belief, corporate formalities in regard to Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation were disregarded and not complied with.

49. Upon information and belief, the individual defendants and the other respective corporate defendants furnished all or substantially all of any financial backing of Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation, either directly or indirectly.

50. Upon information and belief, Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation existed solely to do the business and will of the individual defendants and the other respective corporate defendants.

51. Upon information and belief, the individual defendants and the other respective corporate defendants have personally benefitted from the activities and financial success of Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation, either directly or indirectly.

52. It would be in the interests of justice and equity for the corporate veil of Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation to be pierced so that all defendants and their assets should be liable for any debts that the corporate defendants are found to owe to the debtors.

53. The plaintiff is entitled to an order allowing the corporate veils of Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation to be pierced and allowing the plaintiff to recover from all of the defendants and from their real and personal property, money and/or property in such amount or value sufficient to satisfy the claims of the plaintiff against Restaurant Genesis Corporation, Restaurant Combinations, Inc., and AQMI Corporation.

WHEREFORE, the trustee prays that the Court enter an Order and Judgment avoiding the Transfer referred to herein and against the defendants for damages in the following amounts:

(1) Against all of the defendants the sum of $113,837.02;

(2) That the Court enter an Order and Judgment piercing the corporate veils of the corporate defendants and allowing the plaintiff to recover from the individual defendants and from all of the corporate defendants and from their real and personal property, such amount or value sufficient to satisfy all claims of the plaintiff as alleged against the corporate defendants herein;

(3) That interest be imposed on the damages at the legal rate from the time of the transfers;

(4) That the costs of this action be assessed against the defendants; and

(5) For such other and further relief as to the Court may seem just and proper.

Dated: 3-6-00

BUTLER & BUTLER

*Algernon L. Butler*

Algernon L. Butler, III
Attorneys for Trustee
N.C. State Bar No. 20881
P.O. Box 38
Wilmington, NC 28402-0038
(910) 762-1908