UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
Wilmington Division

FILED
AUG - 4 2000
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

In Re:

H.T. Restaurants, Inc et. al.

Joseph N. Callaway, Trustee
In Bankruptcy for H.T. Restaurants, Inc et. al.

Plaintiffs

VS

Restaurant Combinations, Inc,
Restaurant Genesis Corporation,
AQMI Corporation, Victor Robert
Phillip Allen, Frank Amodeo
and Jerry Beavers.

Case No.
97-01898-8 JRL
Adv. No.
L-00-00169-8-AP

## Answer

Frank Amodeo one of the above named defendants files this his Answer to the Plaintiff's complaint dated March 7, 2000 served on or about July 17, 2000.

## First Defense

Amodeo admits the allegations contained in paragraph 1, 2, 3, 4, 5, 7, 19, 20, 21, 32

Amodeo denies the allegations of paragraph 6 and 8 as to himself personally he has no privity of contract with the Plaintiff nor any "minimum of contacts" with the State of North Carolina subjecting him to venue or jurisdiction

Amodeo denies the allegations contained in paragraph 9 in that he has personal knowledge Victor Robert was not an insider and affiliate of all other defendants and Amodeo lacks

9

personal knowledge of Victor Robert citizenship or residency from which to either deny or admit that portion of the allegation.

Amodeo answers Paragraph 10 the same as he answers paragraph 9 with the substitution of the name of Phillip Allen for Victor Robert.

Amodeo denies the allegation of paragraph 11 which refers to him personally except as to citizenship and residency which he admits.

Amodeo admits the citizenship and residency issues of Jerry E. Beavers denies Jerry E. Beavers was an insider or affiliate of <u>all</u> other defendants.

Amodeo admits the allegations of paragraphs 13 and 14 to extent that the named corporations were Florida corporations but denies they were insiders or affiliates of each other. The ownership and control of each corporation was substantially different and at times even ~~indirect~~ direct conflict.

Amodeo admits the allegations contained in paragraph 15 as to the corporation's state of incorporation but denies AQMI was an insider or affiliate of Restaurant Combinations Inc. and lacks information at the time of this answer to determine if AQMI was a sufficiently large shareholder at the time of the transfer to be considered an insider of Restaurant Genesis Corporation.

Amodeo denies the allegations of paragraph 16, 17, 18 and 19 knowing the all inclusive statements of each paragraph to be ~~false~~.

2

Amodeo admits the allegations of paragraph 22 concerning the bank wire of March 26, 1997 but lacks personal knowledge of the exact amount; however it was suppose to have been in excess of $100,000.

The transfer was made to pay Restaurant Combinations, Inc. for services rendered pursuant to a management contract.

The bulk of the funds were transferred back to H.T. Restaurants pursuant to a settlement agreement entered into between various parties in a State Court proceeding in or about the same time period.

The money retained by Restaurant Combinations, Inc. was settlement of the contract breach by H.T. Restaurants, Inc. and was made in lieu of the <u>liquidated damages provision</u> of the contract, <u>in consideration</u> for settlement of the pending lawsuit and to cover the actual expenditures of time, money and materials which Restaurant Combinations, Inc. had been induced to expend to the date of settlement.

In fact H.T. owed Restaurant Combinations, Inc. or certain defendants who were Restaurant Combinations, Inc. employees several thousand more dollars which it promised to reimburse and to the best of Amodeo's knowledge has not yet repaid.

As to AGMI Corporation it was never a transferee of H.T. or any of the other defendants. As to each of the individuals any payment

3

by Restaurant Combinations, Inc. (RCI) or Restaurant Genesis Corporation (RGC) was for services rendered, reimbursement of expenses or repayment of debt.

Amodeo does not have information at the current time to admit or deny the allegation of paragraph 23.

Amodeo admits the allegation of paragraph 24 as to Restaurant Combinations, Inc. to the extent of Restaurant Genesis Corporation was involved the transfer was either as debt repayment or RGC was simply a conduit. AGMI received no benefit from the transaction and Amodeo, Beavers, Allen or Robert only received a benefit if any at all incidental to personal service or other contracts between them and RCI.

Allegations in paragraph 25 are denied except as noted above. RGC may have been a conduit for RCI or may not have been the actual transfer by Robert were told Amodeo but without records current recollection of Amodeo is incomplete.

The allegations set forth in paragraph 26, 34, 39, 43 are self-evident and require only that answers of Amodeo otherwise stated in the Answer are restated everywhere appropriate to deny, admit or otherwise respond as needed.

As to the First Cause of Action paragraphs 28, 29, 30, 31 and 33 are denied as noted above any transfer was pursuant to a court

4

settlement and contract. No indication was ever made by any H.T. employee or agent the transfer was intended to hinder creditors on the contrary it was made to assist creditors.

Restating for purposes of clarity no subsequent transfer occurred to any other Defendant to the extent of Amodeo's knowledge would fall within the scope of "subsequent transferee" law.

As to the Second Cause of Action paragraphs 35 through 38 are denied as previously noted present and fair consideration was exchanged for any funds which were retained by Restaurant Combinations Inc.

As to the third cause of action Amodeo denies the allegations of paragraph 40 through 42 for reasons set forth previously and because to best of Amodeo's knowledge RCI is no longer in business and does not possess the specific asset. Therefore, all H.T. has if anything is a cause of action which may or may not result in a liability but under no concievable circumstance constitutes a current existing debt within the definition of 11 USC §541, justifying an Order for Turnover.

### Fourth Cause of Action

Amodeo denies the allegations of paragraph 44 through 53. The Trustee's complaint contains multiple allegations in each paragraph and if realleged specifically and individually would become deniable on an item but item basis. But generally speaking

5

none of the Defendants had an interest in AQMI Corporation. Amodeo held only a 10% interest in Restaurant Combinations, Inc. such amount was paid to him as partial compensation for services rendered. AQMI Corporation's interest if any in RCC was ~~for capital~~ in consideration for contributions of capital or assumption of debt.

Further ~~these~~ entities complied with statutory and case law of ~~the~~ State of Florida and thus no "piercing of the veil" is appropriate.

Finally, ~~under~~ any determination of the piercing of the veil is "<u>not ripe</u>" until such time as the corporate entities have been determined to owe an obligation to the plaintiff.

Any allegations of the <u>complaint</u> not specifically <u>admitted</u> is <u>denied</u>.

<u>Second Defense</u>

The complaint fails to state a cause of action upon which relief can be granted against ~~def~~ Amodeo.

<u>Third Defense</u>

The complaint was filed outside the statute of limitations set forth in both Bankruptcy Code and applicable state laws for recovery by the estate.

<u>Fourth Defense</u>

The Court lacks jurisdiction and venue over ~~the~~ Amodeo since he is not claimant in the case, has no privity of contract with the Debtors and/or has <u>no</u> "minimum contacts"

6

with the State of North Carolina.

### Fifth the Defense

To the extent any transfer is avoidable it should be offset by the retransfer of such transfer which has already occurred as well as any expenses incurred by any defendant which was owed to them by H.T. resulting from contemporaneous exchange.

Amodeo states to best of his knowledge only $85,000 was retained by RCI et. al. and this amount was less than H.T.'s obligation under either Quantum Meruit or contract settlement law to RCI et. al.

### Counter Claim

Amodeo herein alleges the Trustee knew or should of known of all the necessary facts to prevent his bring this action. Specifically, the Trustee should have in his possession the records of the State Court action and the documents showing the retransfer of the bank wired funds except for the actual expenses.

To extent the Trustee has or should have these documents this complaint is frivolous in both its general request for a recovery and the specific amount set forth in the prayer for relief.

Therefore the Trustee should be charged with the costs of this action plus such

7

punitive awards to prevent ~~further~~ similar proceedings in the future

FIFTH DEFENSE

Amodeo has subsequently filed a Chapter 7 Bankruptcy any obligation herein has been discharged and this proceeding is enjoined by such discharge order.

Wherefore Amodeo respectfully requests the Court:

1) denies the relief sought by the Plaintiff
2) dismisses the complaint sua sponte
3) awards the cost of this proceeding to the defendant inclusive of any appropriate penalty
4) Such other and further relief as Court may deem just and proper.

Frank L. Amodeo
FPC Pensacola Dorm B
110 Raby Avenue
Pensacola, Fl. 32509

Certificate of Service

I have this ___ day of July served a copy of this Answer upon the attorney for the Trustee Algernon L. Butler III, Butler & Butler P.O. Box 38 Wilmington, N.C. 28402 by first class mail.

8